**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 05 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOE SAPPA,<br><br>Defendant - Appellant. | No. 05-10367<br><br>D.C. No. CR-01-00160-SOM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted April 6, 2006
San Francisco, California

Before: GOODWIN, B. FLETCHER, and FISHER, Circuit Judges.

Joe Sappa appeals his conviction by a jury of conspiracy to distribute and possess with intent to distribute methamphetamine, and of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We affirm.

---

\*   This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

Sappa contests the validity of the search and arrest warrants. The search warrant authorized law enforcement officials to search Sappa's residence for evidence of drug-related activities. Approximately nineteen ounces of methamphetamine, drug paraphernalia, a handgun with a magazine, miscellaneous papers, and an airport security jacket were seized from Sappa's residence pursuant to the search warrant. Sappa was arrested at that time and read his rights. He waived them and gave a statement.

At a pretrial hearing, Sappa moved to suppress the evidence obtained pursuant to the search warrant arguing that the warrant was not supported by probable cause. He also moved to suppress the statements he made as a result of the search, arguing that the statements were fruit of a poisonous tree and that there was no probable cause supporting the arrest warrant. The district court held that both warrants were supported by probable cause, and that in the alternative the good faith exception would apply.

We need not determine whether the search and arrest warrants were supported by probable cause. There is no evidence that the issuing magistrate abandoned his detached and neutral role, or that the law enforcement official was dishonest or reckless in preparing his affidavit. Therefore, suppression is appropriate only if the executing officers "could not have harbored an objectively

reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926 (1984). If "a reasonably well trained officer would [not] have known that the search was illegal despite the magistrate's authorization," then the evidence obtained pursuant to the warrant will not be excluded. *See id.* at 922-23 n.23. Based on the totality of the circumstances, including the imminent drug shipment to be distributed by Uti and the recorded conversation between Uti and Sappa during which Sappa planned to deliver an envelope to Uti shortly before the arrival of the drug shipment, a reasonably well trained officer could have had an objectively reasonable belief that there was probable cause to search Sappa's residence for evidence of participation in the drug activities. The good faith exception saves the evidence obtained pursuant to the search warrant.

Sappa contends that the search warrant was overbroad because it "listed entire categories of documents to be seized, encompassing essentially all documents on the premises or items connected with drug offenses." The search warrant set out objective standards by which executing officers could differentiate items subject to seizure from those that were not, and the government was not able to describe the items more particularly. The warrant was not overbroad. *See United States v. Noushfar*, 78 F.3d 1442, 1447 (9th Cir. 1996), *amended by* 140 F.3d 1244 (9th Cir. 1998).

Sappa contends that "[t]he same arguments for the deficiencies in the search warrant apply to the arrest warrant as well because the same information in both affidavits was used as probable cause." Even if probable cause were lacking to arrest Sappa when the arrest warrant was issued, probable cause was not lacking once the officers searched his residence and found nineteen ounces of methamphetamine. The officers could have arrested Sappa when they did without the arrest warrant. Any error was harmless. *See United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999).

**AFFIRMED.**

A TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

MAY 30 2006

by:
Deputy Clerk

4